[Civ. No. 24128. Second Dist., Div. Three. Aug. 31, 1960.]

EUGENE J. CAMERINI et al., Respondents, v. O. V. LONG, Appellant.

*Assigned by Chairman of Judicial Council.

Chester C. Kempley and Harley E. Kempley for Appellant.

Fred W. Chase for Respondents.

SHINN, P. J.—Camerini and wife brought suit against C & W Oil Company, a partnership, Maynard H. Collins and O. V. Long, for the recovery of $3,000 paid for a 1 per cent limited partnership interest and $400 which was later contributed to the business of the partnership. It was alleged in the complaint that C & W Oil Company was a limited partnership in which Collins was the general partner and Long and others were limited partners; plaintiffs purchased a 1 per cent limited partnership interest from Long; the interest was a security which could not be validly issued without a permit of the Commissioner of Corporations, and no permit had been issued. Long answered the complaint; the other defendants were not served. Upon a conclusion of law that the certificate of interest was a void security, judgment was against Long for the recovery of $3,400. He appeals.

C & W Oil Company was a limited partnership in which Collins was the general partner and there were as many as 46 limited partners. It was stipulated no permit had been issued by the Commissioner of Corporations for the issuance of certificates of ownership of partnership interests.

The business of the partnership was the drilling of oil wells upon leased land in Kern County; each limited partnership

interest would share proportionately in the profits from the first well drilled and each limited partner by a contribution of $400 for each 1 per cent interest held would become entitled to share in the profits from the next well to be drilled. The $400 for which the plaintiffs sued was for their contribution toward the drilling of a second well.

 If a limited partnership is created in accordance with the applicable law (Corp. Code, § 15501 et seq.), limited partnership interests may be created without a permit of the Commissioner of Corporations, provided such interests are not offered for sale to the public. Section 25100 of the Corporations Code so provides. In order for plaintiffs to establish that the interest they purchased was a void security it was incumbent upon them to prove that the partnership interests had been offered to the public. The only evidence upon this issue was the testimony of defendant Long. There were 46 limited partners who would share in the profits from the first well and 34 who would share in the profits from a second well. Long testified that the limited partners were a group, all personal friends, most of them connected with the motion picture business, who discussed the project among themselves and decided that they wished to participate; partnership interests were not advertised for sale, nor was there any solicitation of prospective investors. The ones who joined asked to join upon learning of the project; they were not solicited, but only informed of the project. Long had nothing to do with the organization of the partnership. He permitted Collins to use his, Long's, address for the receipt of mail. He had nothing to do with the drilling of wells or the raising of money. For the use of his address Collins caused to be put in Long's name "a few units of membership . . . 2 or 3," all of which were transferred to others at the request of Collins and upon the promise of Collins that he would reimburse Long in some way or other, which he failed to do. Long paid nothing for the interests that were in his name and he received nothing when he transferred them to others. Three thousand dollars was paid in checks of plaintiffs, one for $2,000 and one for $1,000, which were payable to Collins. Long did not negotiate with plaintiffs for sale of the 1 per cent interest. The $400 was contributed by plaintiffs for an interest in a second well, and at the direction of Collins the check was payable to an abstract company in Bakersfield. No additional certificate was issued for this contribution.

Although appellant Long made the point in his opening

brief that there was no proof that the limited partnership interests were offered to the public, plaintiffs in their brief have not undertaken to answer this contention.

Plaintiffs contend that a certificate of interest in an oil, gas or mining title or lease is a security (Corp. Code, § 25008, subd. (a)), a permit is required for the issuance of such an interest (*Goldberg* v. *Paramount Oil Co.*, 143 Cal.App.2d 215 [300 P.2d 329]); therefore a permit was required for issuance of the partnership interests. This contention would have been sustainable if the partnership interests had been offered to the public or if the partnership, owning an oil lease, had offered to the public certificates of interest in the lease or its profits or earnings, or indeed if it had made a public offering of "any transferable share, investment contract, or beneficial interest in title to property, profits, or earnings." (Corp. Code, § 25008.) But there was no such offering. It appears from the record that 46 persons joined in the formation of the partnership; the public was not invited to participate; the members could contribute toward the drilling of additional wells; 34 of them did contribute; there was no other financing.

It is not questioned that the partnership was organized in accordance with applicable law. Its members therefore had a right to share in the ownership of its property and the profits of any business in which a partnership, without limited partners (except banking and insurance) could engage. (Corp. Code, § 15503.) It is not questioned that Long had a right to assign his partnership interests and to substitute others in his place as permitted by section 15502 (1) (a) X and section 15519, Corporations Code.

The conclusion of the trial court that the interest sold to plaintiffs was a void security was in error.

The judgment is reversed with instruction to amend the conclusions of law in accordance with the foregoing views and to enter judgment for defendant Long.

Vallée, J., and Ford, J., concurred.